## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

JIMMY S. LANGRELL; JAMES R.                                                    PLAINTIFFS
BLASENGAME; WILLIAM BURNS;
FOSTER HARSHAW, JR.; DAVID K.
JACKSON; RONALD J. THOMAS;
STEVEN E. TYLER; MICHAEL L. WILSON;
and BILLY K. WRIGHT

v.                                      NO. 5:12CV00084 JLH

UNION PACIFIC RAILROAD COMPANY                                                  DEFENDANT

### ORDER

The plaintiffs bring this action pursuant to the Federal Employers' Liability Act, 45 U.S.C.

§ 51 *et seq*., alleging that they were exposed to asbestos while employed by Union Pacific Railroad

Company and, as a result, have developed an asbestos-related lung disease.  Union Pacific has filed

a motion to sever the claims of the individual plaintiffs. Union Pacific argues that the plaintiffs' claims

are not properly joined under Rule 20 of the Federal Rules of Civil Procedure, so the Court should

sever them pursuant to Rule 21.  In the alternative, Union Pacific argues that the Court should order

a separate trial for each plaintiff pursuant to Rule 42(b).

Rule 20(a)(1) provides that persons may join in one action as plaintiffs if (1) they assert any

right to relief arising out of the same transaction, occurrence, or series of transactions and

occurrences, and (2) any question of law and fact common to all of the plaintiffs will arise in the

action.  All of the plaintiffs, except one, were trainmen for Union Pacific.  The one exception is

Ronald J. Thomas who was an engineer.  All of the plaintiffs have been diagnosed as having an

asbestos-related lung disease.  All of them allege that they were exposed to asbestos while they

worked for Union Pacific.

The Supreme Court has explained:

> Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.

*United Mineworkers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 1138, 16 L. Ed. 2d 218 (1966).  Nevertheless, permissive joinder is not unlimited.  *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).  Permissive joinder under Rule 20 requires that the parties assert a right to relief by or against each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences, and some question of law and fact common to all of the parties must arise in the action.  *Id.*  The courts generally apply a case-by-case analysis in determining whether the claims arise out of the same transaction or occurrence or series of transactions or occurrences.  *Id.*  "Absolute identity of all events is unnecessary."  *Id.*  The standard is flexible "to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20."  7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil* § 1653 (3d ed. 2001).

Here, each of the plaintiffs alleges that he was employed by Union Pacific for a long period of time during which he was exposed to asbestos and as a result of which he developed an asbestos-related lung disease.  Each plaintiff alleges that he suffered injury as a result of the same set of negligent acts and omissions.  Each of the plaintiffs' claims therefore arise out of the same series of occurrences.  There will be common questions of law and fact in all of the claims.  Thus, the claims are properly joined under Rule 20.

Union Pacific argues, in the alternative, that the Court should order separate trials for each of the plaintiffs pursuant to Rule 42(b).  That rule provides:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.

The party seeking separate trials has the burden of showing that separate trials will promote convenience, expedite the proceedings, or avoid unfair prejudice. *Higgins v. Dankiw*, No. 8:08CV15, 2009 WL 764555, at *4 (D. Neb. Mar. 20, 2009).  In deciding a motion for separate trials, "a court should consider the interests of judicial economy and avoiding confusion." *Koch Fuels v. Cargo of 13,000 Barrels of No. 2 Oil*, 704 F.2d 1038, 1042 (8th Cir. 1983).

The plaintiffs have provided the following chart describing their job titles and years during which they worked:

| Name | Job Title | Years | Diagnosis |
|------|-----------|-------|-----------|
| Jimmy S. Langrell | Trainman | 1972 – 2008 | Asbestosis |
| James B. Blasengame | Trainman | 1971 – 2010 | Asbestosis |
| William Burns | Trainman | 1971 – 2000 | Asbestosis |
| Foster Harshaw, Jr. | Trainman | 1974 – 2010 | Asbestosis |
| David K. Jackson | Trainman | 1951 – 1992 | Asbestosis |
| Ronald J. Thomas | Engineer | 1965 – 1981 | Asbestosis |
| Steven E. Tyler | Trainman | 1971 – 2010 | Asbestosis |
| Michael L. Wilson | Trainman | 1976 – 2009 | Asbestosis |
| Billy K. Wright | Trainman | 1968 – 2007 | Asbestosis |

All of the plaintiffs worked during largely overlapping periods of time, except for David K. Jackson and Ronald J. Thomas.  Except for Jackson and Thomas, all of the plaintiffs worked in the same job during roughly the same period of time.  Although they worked in different places, no evidence has been presented that the equipment around which they worked was materially different. The evidence regarding the alleged negligence of Union Pacific is likely to be much the same for each

3

plaintiff, and their levels of exposure to asbestos are likely to be comparable. It will be far more convenient to try them together, and the Court sees no unfair prejudice that will result.

Union Pacific says in its brief that Langrell and Wright worked for Southern Pacific Railroad/Cotton Belt Railroad in Pine Bluff, whereas Blasengame, Burns, Harshaw, Jackson, and Tyler worked for Missouri Pacific Railroad in North Little Rock. Union Pacific has not presented information as to when these predecessor railroads merged with Union Pacific, so the Court is left in the dark as to when Union Pacific became each plaintiff's employer.[1] Nor has Union Pacific presented evidence that the equipment used by the different railroads had different levels of asbestos, or whether the railroads had different policies relating to asbestos. While Union Pacific argues that trying the plaintiffs together will cause confusion, the Court is confident that a jury will be able to consider the claims of the plaintiffs separately and that any risk of confusion is outweighed by considerations of judicial economy. Thus, Union Pacific has not met its burden of showing that these differences justify separate trials.

The other two plaintiffs—David K. Jackson and Ronald J. Thomas—present cases that appear to be significantly different from the others. Jackson's term of employment began some twenty years before any of the other plaintiffs and concluded several years before the conclusion of the term of employment of any other plaintiff. Thomas's term of employment was shorter in duration than the others and had very little overlap with the others. Moreover, Thomas was an engineer, whereas the others were trainmen. The cases of those two plaintiffs likely will involve different evidence. Their levels of exposure to asbestos are likely to be different from the others. Because of these differences, trying the cases of Jackson and Thomas with the others will not promote convenience or expedite the

---

[1] The plaintiffs have presented a page from Union Pacific's website saying that Union Pacific acquired Missouri Pacific in 1982, and the Southern Pacific/Cotton Belt in 1996.

proceedings, and it could cause unfair prejudice to Union Pacific. The Court has therefore concluded, pursuant to Rule 42(b), that the claims of Jackson and Thomas should be tried separately from the other plaintiffs.

Union Pacific's motion is therefore GRANTED IN PART and DENIED IN PART. Document #7. The motion to sever is denied. The motion for separate trials is granted in part. Plaintiffs' Langrell, Blasengame, Burns, Harshaw, Tyler, Wilson, and Wright will have their claims tried together. Separate trials will be conducted for plaintiffs Jackson and Thomas.

IT IS SO ORDERED this 25th day of July, 2012.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE